1
2
3
4
5
6
7
8
9
10
11

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19

**HECTOR GARZA,**

Petitioner,

v.

**BORDERS,**

Respondent.

1:17-cv-00067 MJS HC

FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. 1)

ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER

20
21

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

22  I.      **Discussion**

23          A.      **Procedural Grounds for Summary Dismissal**

24  Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

25
26  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

27  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

28

1

petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>See Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

### B.    Factual Summary

On December 27, 2016, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) Petitioner was sentenced on May 29, 1998 to twenty-five (25) years to life under the California Three Strikes Law for possession of cocaine. (Pet. at 2.) In the instant petition, Petitioner challenges the state court denial of his Safe Neighborhoods and Schools Act (Proposition 47) petition to have his felony cocaine conviction reduced to a misdemeanor. (<u>See</u> Pet. at 6-7.) Petitioner was denied relief by the Fresno County Superior Court. (Pet. at 7.) He then sought review from the California Court of Appeal, Fifth Appellate District. (<u>Id.</u>) The appellate court affirmed the denial on August 29, 2016. Petitioner sought review from the California Supreme Court. It denied relief on November 22, 2016. (Pet. at 10.)

### C.    Analysis

Petitioner claims that he is entitled to re-sentencing under Proposition 47. Proposition 47 reduced some drug felonies to misdemeanors and established a resentencing mechanism under California Penal Code section 1170.18:

> Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor...unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

<u>People v. Rivera</u>, 233 Cal. App. 4th 1085, 1092, 183 Cal. Rptr. 3d 362 (Cal. Ct. App.

1  2015) (quoting Cal. Pen. Code §§ 1170.18(a) and (b)).

2       Petitioner fails to advance any colorable claim of a violation of the U.S.

3  Constitution. His petition does not contain any facts, law, or argument suggesting a

4  federal constitutional violation may have occurred. Blackledge v. Allison, 431 U.S. 63, 75

5  n.7, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) ("the petition is expected to state facts that

6  point to a real possibility of constitutional error"); Scott v. Schriro, 567 F.3d 573, 582 (9th

7  Cir. 2009) ("Full and fair presentation" of habeas claim requires prisoner to include "a

8  reference to a federal constitutional guarantee and a statement of facts that entitle the

9  petitioner to relief").

10       Under 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a

11  state court may seek federal habeas relief "only on the ground that he is in custody in

12  violation of the Constitution or laws or treaties of the United States." A change in state

13  sentencing law does not generally raise a federal constitutional question, although the

14  alleged misapplication of state sentencing law may in very rare circumstances support

15  such a claim. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal

16  habeas relief is "unavailable for alleged error in the interpretation or application of state

17  law"); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967)

18  (redetermination of state sentence is a matter within the authority of the state and raises

19  no federal question); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a

20  showing of fundamental unfairness, a state court's misapplication of its own sentencing

21  laws does not justify federal habeas relief."); Richmond v. Lewis, 506 U.S. 40, 50, 113 S.

22  Ct. 528, 121 L. Ed. 2d 411 (1992) ("[T]he question to be decided by a federal court on

23  petition for habeas corpus is not whether the state sentencer committed state-law

24  error.... Rather, the federal, constitutional question is whether such reliance is 'so

25  arbitrary or capricious as to constitute an independent due process or Eighth

26  Amendment violation.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092,

27  111 L. Ed. 2d 606 (1990).).

28       Federal courts have found challenges to resentencing under Proposition 47 lack a

federally cognizable basis to create jurisdiction. <u>See, e.g.</u>, <u>Adams v. Borders</u>, No. ED CV 16-541 VBF (AS), 2016 U.S. Dist. LEXIS 115880, 2016 WL 4523163 at *3 (C.D. Cal. 2016) ("The fact that Petitioner may be attempting to characterize his claim concerning resentencing under Proposition 47 as a federal constitutional claim [ ] is not sufficient to render it cognizable."); <u>Wilde v. Wofford</u>, No. CV 15-1715 JAM CKD P, 2016 U.S. Dist. LEXIS 129877, 2016 WL 5109375 at *2 (E.D. Cal. 2016) (rejecting claim under Proposition 47; "a writ of habeas corpus is only available for violations of federal law, and petitioner does not have a freestanding federal right to be resentenced under a new California law").

Petitioner's claim does state a federal claim based on a violation of the Constitution or laws or treaties of the United States, as required under 28 U.S.C. § 2254(a). Petitioner has not presented a federally cognizable claim, and it does not appear that a tenable claim for relief could be plead were leave to amend granted. <u>See</u> <u>Jarvis</u>, 440 F.2d at 14. The Court recommends that the petition be dismissed.

**II.    Recommendation**

Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave to amend as Petitioner has not made a showing that he is entitled to relief.

These findings  and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive

the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   January 18, 2017                     /s/ *Michael J. Seng*

                                        UNITED STATES MAGISTRATE JUDGE

5